UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

GERALD THURMAN BROWN,　　　　)
　　　　　　　　　　　　　　　　　)
　　　　Plaintiff,　　　　　　　　　)
　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　)　　NO. 2:20-cv-00070
　　　　　　　　　　　　　　　　　)
STEVE PAGE, et al.,　　　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　Defendants.　　　　　　　　)

## MEMORANDUM OPINION

Gerald Thurman Brown, an inmate at the White County Jail in Sparta, Tennessee, filed a pro se civil rights complaint under 42 U.S.C. § 1983 (Doc. No. 1) and a properly completed application to proceed as a pauper (Doc. No. 6). The Complaint is before the Court for an initial review under the Prison Litigation Reform Act and the in forma pauperis statute.

**I.　　Application to Proceed as a Pauper**

The Court may authorize an inmate to file a civil suit without prepaying the filing fee. 28 U.S.C. § 1915(a). Because Plaintiff's application to proceed as a pauper (Doc. No. 6) reflects that he cannot pay the filing fee in advance, it will be granted. The $350.00 filing fee will be assessed as directed in the accompanying Order. 28 U.S.C. § 1915(b)(1).

**II.　　Initial Review**

The Court must dismiss the Complaint if it is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A; 42 U.S.C. § 1997e(c)(1). The Court also must liberally construe pro se pleadings and hold them to "less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

## A. Factual Allegations

Liberally construing the Complaint (Doc. No. 1) and supplemental notice (Doc. No. 5), the Court has established the following summary of allegations for the purpose of initial review.

On October 22, 2020, two inmates in Plaintiff's housing unit flooded their cells, and Lieutenant Jacob Hillis and Captain Holly Myers took all the inmates' Bibles in retaliation, calling them contraband. (Doc. No.1 at 5; Doc. No. 5 at 1). Hillis and Myers also removed all portable bunks, so inmates slept on floor mats in violation of state policies and regulations. (Doc. No. 1 at 5; Doc. No. 5 at 2). Plaintiff did so "for over 10 days." (Doc. No. 5 at 2). Hillis and Myers were acting "under the guidance of Sheriff Steve Page and [Captain] Kevin Benton." (Id. at 1). Going forward, the Jail had a policy restricting Bible access to one hour per day, during which inmates were also allowed to use the phone and shower. (Id. at 1–2).

The Jail denies Plaintiff mental health treatment under its "policy covering medical procedures," and it refuses to transfer Plaintiff to prison where he could receive treatment for diagnosed manic depression, PTSD, and gender dysphoria. (Doc. No. 5 at 2). Plaintiff also alleges that "admin" deprived inmates of access to news and phone calls. (Doc. No. 1 at 5).

Plaintiff brings this action against Lieutenant Hillis, Captain Myers, Sheriff Page, Captain Benton, and Lieutenants Randolf and Nabors. (Id. at 1, 3–4). Plaintiff requests that the Court instruct the Jail and its officers "to follow all state and federal guidelines, statutes, and laws pertaining to the operation of" the Jail. (Id. at 5).

## B. Legal Standard

To determine if the Complaint passes initial review under the applicable statutes, the Court applies the Rule 12(b)(6) standard. Hill v. Lappin, 630 F.3d 468, 470–71 (6th Cir. 2010). The Court therefore accepts "all well-pleaded allegations in the complaint as true, [and] 'consider[s]

the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 681 (2009)). An assumption of truth does not extend to allegations that consist of legal conclusions or "'naked assertion[s]' devoid of 'further factual enhancement.'" Iqbal, 556 U.S. at 678 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007)).

### C. Analysis

"There are two elements to a § 1983 claim. First, a plaintiff must allege that a defendant acted under color of state law. Second, a plaintiff must allege that the defendant's conduct deprived the plaintiff of rights secured under federal law." Handy-Clay v. City of Memphis, Tenn., 695 F.3d 531, 539 (6th Cir. 2012) (citations omitted).

#### 1. Lieutenants Randolf and Nabors

First, Plaintiff lists Lieutenants Randolf and Nabors in the caption of the Complaint but does not refer to them again in the body of the Complaint or the supplemental notice. (See Doc. No. 1 at 1). "Merely listing names in the caption of the complaint and alleging constitutional violations in the body of the complaint is not enough to sustain recovery under [Section] 1983." Gilmore v. Corr. Corp. of Am., 92 F. App'x 188, 190 (6th Cir. 2004) (citing Flagg Bros. v. Brooks, 436 U.S. 149, 155–57 (1978)). Accordingly, Randolf and Nabors will be dismissed as parties.

#### 2. Sheriff Page and Captain Benton

Next, Plaintiff names Sheriff Page and Captain Benton as Defendants, and alleges that other Defendants acted "under [their] guidance." (See Doc. No. 5 at 1). "Section 1983 liability must be premised on more than . . . the right to control one's employees." Everson v. Leis, 556 F.3d 484, 496 (6th Cir. 2009) (citing Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999)). A claim against a supervisor official "must fail . . . unless 'the supervisor encouraged [a] specific

3

incident of misconduct or in some other way directly participated in it.'" <u>Cardinal v. Metrish</u>, 564 F.3d 794, 802–03 (6th Cir. 2009) (quoting <u>Combs v. Wilkinson</u>, 315 F.3d 548, 558 (6th Cir. 2002)). "At a minimum a plaintiff must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers." <u>Id.</u> at 803 (quoting <u>Combs</u>, 315 F.3d at 558).

Here, Plaintiff's vague allegation that other Defendants acted under the guidance of Sheriff Page and Captain Benton does not reflect the type of direct participation necessary for personal liability under Section 1983. Plaintiff, therefore, fails to state a claim against Page and Benton in their individual capacities.

### 3.    Lieutenant Hillis and Captain Myers

As to Lieutenant Hillis and Captain Myers, however, Plaintiff does allege direct participation in the asserted violation of his rights. The Court will address Plaintiff's specific allegations against these Defendants in turn.

### a.    Restricting Access to Religious Text

Plaintiff alleges that, after inmates in his housing unit flooded their cells, Hillis and Myers took the inmates' Bibles as contraband. Going forward, the Jail had a policy restricting Bible access to one hour per day, during which inmates are also allowed to use the phone and shower.

"The Free Exercise Clause of the First Amendment . . . provides that 'Congress shall make no law . . . prohibiting the free exercise [of religion].'" <u>Maye v. Klee</u>, 915 F.3d 1076, 1083 (6th Cir. 2019) (quoting U.S. Const. amend. I). "In any free exercise claim, the first question is whether 'the belief or practice asserted is religious in the [plaintiff's] own scheme of things' and is 'sincerely held.'" <u>Id.</u> (quoting <u>Kent v. Johnson</u>, 821 F.2d 1220, 1224 (6th Cir. 1987)). Where a plaintiff makes this threshold showing, the Court must consider whether a regulation that

4

"impinges on inmates' constitutional rights . . . is reasonably related to legitimate penological interests." Id. (quoting O'Lone v. Estate of Shabazz, 482 U.S. 342, 349 (1987)). If not, "the inquiry ends, and the prisoner prevails." Cavin v. Mich. Dep't of Corr., 927 F.3d 455, 461 (6th Cir. 2019) (citations omitted). If so, then the Court balances "(1) whether the prisoner possesses alternative avenues for exercising his religion; (2) whether accommodating the prisoner would affect 'guards and other inmates' or 'the allocation of prison resources generally'; and (3) whether 'obvious, easy alternatives' exist that suggest 'the regulation is not reasonable.'" Id. (quoting Turner v. Safley, 482 U.S. 78, 89–91 (1987)).

Plaintiff's allegations also implicate the Religious Land Use and Institutionalized Persons Act, or RLUIPA. RLUIPA provides stronger protection for the religious liberty of incarcerated individuals than the First Amendment. Colvin v. Caruso, 605 F.3d 282, 296 (6th Cir. 2010) (citing Lovelace v. Lee, 472 F.3d 174, 199–200 (4th Cir. 2006)). To state a claim under RLUIPA, a prisoner must (1) "demonstrate that he seeks to exercise religion out of a 'sincerely held religious belief'" and (2) "show that the government substantially burdened that religious exercise." Cavin v. Mich. Dep't of Corr., 927 F.3d 455, 458 (6th Cir. 2019) (quoting Holt v. Hobbs, 574 U.S. 352, 361 (2015)). If the prisoner satisfies these elements, then the burden shifts to the government to show "that the burden furthers 'a compelling government interest' and 'is the least restrictive means' of doing so." Id. (quoting 42 U.S.C. § 2000cc-1(a)).

Here, construing Plaintiff's allegations in his favor and taking them as true, the Court concludes that he has stated arguably nonfrivolous claims under both the First Amendment and RLUIPA. For the purpose of initial review, the Court assumes the Plaintiff had a sincere religious belief requiring more than one hour of daily access to a Bible. "[L]imiting an inmate's access to the religious literature that he is required to read as part of his practice constitutes a substantial

5

burden on his religious exercise." See Yates v. Painter, 306 F. App'x 778, 780 (3d Cir. 2009) (citing Washington v. Klem, 497 F.3d 272, 282–83 (3d Cir. 2007)). At least as to Plaintiff's Free Exercise claim, it may be relevant that his restricted access did not preclude him from reading the Bible, but rather made it less convenient. However, because Defendants have not filed any responsive pleadings, the Court "do[es] not have information before [it] about all of" the factors relevant to evaluating a Free Exercise claim. See Arauz v. Bell, 307 F. App'x 923, 928 (6th Cir. 2009). And as to Plaintiff's RLUIPA claim, the availability of an alternative means of practicing his belief "does not play into" the analysis. Cavin, 927 F.3d at 461 (citing Holt, 574 U.S. at 361–62). Accordingly, although it is unclear whether Plaintiff can ultimately prevail, his First Amendment and RLUIPA claims will not be dismissed at this early stage in the proceedings.

### b. Retaliation

Plaintiff also alleges that Hillis and Myers' confiscation of the inmates' Bibles was retaliatory, but he fails to state a claim on this basis. To state a retaliation claim, a prisoner must allege that: (1) he engaged in protected conduct; (2) he suffered an adverse action "that would deter a person of ordinary firmness from continuing to engage in that conduct"; and (3) "the adverse action was motivated at least in part by [his] protected conduct." Maben v. Thelen, 887 F.3d 252, 264 (6th Cir. 2018) (quoting Thaddeus-X v. Blatter, 175 F.3d 378, 394 (6th Cir. 1999)).

Plaintiff fails to satisfy the first and third elements. First, Plaintiff seems to allege a potential retaliation claim based on other inmates flooding their cells, which is conduct that is both unprotected and not personal to Plaintiff. Further, Plaintiff's allegation that Hillis and Myers "confiscated [the inmates'] Bibles in retaliation" (Doc. No. 5 at 1) is a "conclusory allegation[] of retaliatory motive" that is unsupported by any further facts. See Hill v. Lappin, 630 F.3d 468, 475

(6th Cir. 2010) (quoting Harbin-Bey v. Rutter, 420 F.3d 571, 580 (6th Cir. 2005)). That is not sufficient to satisfy the third element. Id. Accordingly, Plaintiff fails to state a retaliation claim.

### c.       Floor Mat

Plaintiff alleges that Hillis and Myers removed all portable bunks after Plaintiff's unit-inmates flooded their cells. Inmates then slept on floor mats, and Plaintiff alleges that he was forced to do so "for over 10 days." As an initial matter, Plaintiff asserts that forcing inmates to sleep on floor mats violated state policies and regulations, but a prisoner cannot state a Section 1983 claim based solely on the failure to follow policies. See Grinter v. Knight, 532 F.3d 567, 574 (6th Cir. 2008) (citing Olim v. Wakinekona, 461 U.S. 238, 250 (1983)). Thus, to the extent that Plaintiff's claims are premised on the failure to follow policies and regulations, they will be dismissed.

If Plaintiff has a claim based on this allegation, it must be under the Eighth Amendment. The Eighth Amendment imposes a duty on prison officials to "provide humane conditions of confinement." Farmer v. Brennan, 511 U.S. 825, 832–33 (1994) (citations omitted). "An Eighth Amendment conditions of confinement claim [] contains both an objective and a subjective component." Richmond v. Settles, 450 F. App'x 448, 455 (6th Cir. 2011) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)). "The objective component requires the plaintiff to demonstrate that he has been subjected to specific deprivations that are so serious that they deny him 'the minimal civilized measure of life's necessities.'" Id. (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). "The subjective component requires the plaintiff to demonstrate that the prison officials acted wantonly, with deliberate indifference to the plaintiff's serious needs." Id. (citing Farmer, 511 U.S. at 834).

7

Here, Plaintiff does not satisfy the objective component. "In the absence of evidence that a prisoner suffered a physical injury, the deprivation of a mattress and bedding for a fixed period of time does not violate the Eighth Amendment." Id. at 455 (collecting Sixth Circuit cases). Thus, a prisoner's "complaint that he was required to sleep on a mat," without more, "does not rise to the level of an Eighth Amendment violation." Zain v. Osborne, No. 4:10CV-P109-M, 2012 WL 435582, at *11 (W.D. Ky. Feb. 9, 2012) (citations omitted). Plaintiff alleges that he slept on a floor mat "for over 10 days," but he does not make allegations from which the Court can reasonably infer that this "deprived [him] of basic human needs or caused [him] to suffer serious harm." See Grissom v. Davis, 55 F. App'x 756, 757–58 (6th Cir. 2003) (holding that allegation of sleeping on the floor for 7 days failed to state an Eighth Amendment claim). The Court does not doubt that sleeping on a floor mat was less comfortable than sleeping on a mattress, but "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." Powell v. Washington, 720 F. App'x 222, 228 (6th Cir. 2017) (quoting Ivey v. Wilson, 831 F.2d 950, 954 (6th Cir. 1987)). Accordingly, Plaintiff fails to state a claim on this basis.

### 4. Official Capacity Claims

Plaintiff also brings this action against Defendants in their official capacities. (Doc. No. 1 at 3–4). "[I]ndividuals sued in their official capacities stand in the shoes of the entity they represent." Alkire v. Irving, 330 F.3d 802, 810 (6th Cir. 2003) (citing Kentucky v. Graham, 473 U.S. 159, 165 (1985)). Defendants are employees of the White County Sheriff's Department (Doc. No. 1 at 3–4), so Plaintiff's official-capacity claims are essentially against White County. Defendant Steve Page, as the Sheriff and representative of White County, will remain as a Defendant in his official capacity, and Plaintiff's official-capacity claims against the other

8

Defendants will be dismissed as redundant. See Jackson v. Shelby Cnty. Gov't, No. 07-6356, 2008 WL 4915434, at *2 (6th Cir. 2008 Nov. 10, 2008) (affirming the dismissal of redundant official-capacity claims).

To state a claim against White County under Section 1983, Plaintiffs must allege "(1) that [he] suffered a constitutional violation and (2) that a municipal policy or custom directly caused the violation." Hardrick v. City of Detroit, Mich., 876 F.3d 238, 243 (6th Cir. 2017) (citing Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658, 690–92 (1978)). Plaintiff alleges two County policies, and the Court will address them in turn.

### a.      Restricting Access to Religious Text

First, Plaintiff alleges that the White County Jail instituted a policy restricting inmates' Bible access to one hour per day, during which inmates were also allowed to use the phone and shower. As explained above, the Court has concluded that this alleged restriction states an arguably nonfrivolous claim under the Free Exercise Clause of the First Amendment (and RLUIPA). For the purpose of initial review, the Court also concludes that the Jail's alleged policy imposing this restriction directly caused the asserted constitutional violation. Accordingly, Plaintiff states a claim against White County (represented here by Sheriff Page in his official capacity) for restricting access to religious texts.

### b.      Failure to Provide Mental Health Treatment

Next, liberally construed, Plaintiff alleges that the Jail has a policy of denying treatment for certain mental health conditions, including Plaintiff's diagnosed manic depression, PTSD, and gender dysphoria. Plaintiff also alleges that the Jail refuses to transfer Plaintiff to prison, where he could receive treatment for these conditions. As explained below, however, Plaintiff has not

9

connected this alleged policy to an asserted constitutional violation, so he fails to state a claim against White County on this basis.

The Eighth Amendment establishes the right for prisoners to be free from deliberate indifference to serious psychological needs. Comstock v. McCrary, 273 F.3d 693, 702–03 (6th Cir. 2003). This claim "has two components, one objective and one subjective. To satisfy the objective component, the plaintiff must allege that the medical need at issue is 'sufficiently serious.'" Id. (quoting Farmer, 511 U.S. at 834). And "[t]o satisfy the subjective component, the plaintiff must allege facts which, if true, would show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk." Id. (citing Farmer, 511 U.S. at 837).

Here, even assuming that Plaintiff's alleged psychological needs are sufficiently serious, Plaintiff fails to satisfy the subjective component. "[T]he subjective component of a deliberate indifference claim must be addressed for each officer individually." Winkler v. Madison Cnty., 893 F.3d 877, 891 (6th Cir. 2018) (quoting Phillips v. Roane Cnty., Tenn., 534 F.3d 531, 542 (6th Cir. 2008)). That is, a plaintiff must allege that a "specific individual was aware of facts from which he or she could infer a substantial risk of serious harm." Id. In this case, Plaintiff does not identify any specific individual who disregarded the known risk of denying Plaintiff psychological treatment. Accordingly, Plaintiff fails to state a claim for deliberate indifference to serious psychological needs. And without an underlying constitutional violation, Plaintiff cannot state a claim against White County based on its alleged policy of denying treatment for certain mental health conditions.

However, given Plaintiff's pro se status, Plaintiff may file an Amended Complaint that states a deliberate indifference claim in light of the standards discussed above. See LaFountain v.

<u>Harry</u>, 716 F.3d 944, 951 (6th Cir. 2013) ("[U]nder Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA.").

### 5. Access to News and Phone Calls

Finally, the Court notes Plaintiff's allegation that "admin" deprived inmates of access to news and phone calls. (Doc. No. 1 at 5). "[I]nmates retain a First Amendment right to receive mail, including news publications, subject to legitimate penological interests." <u>Williams v. Thomas</u>, No. 1:16-cv-01330-JDB-cgc, 2019 WL 1905166, at *4 (citing <u>Sheets v. Moore</u>, 97 F.3d 164, 166 (6th Cir. 1996)). But Plaintiff does not provide any details about this alleged deprivation or connect this allegation to any specific Defendant. This conclusory allegation therefore fails to state a claim. <u>See</u> <u>Gilmore</u>, 92 F. App'x at 190) (citing <u>Scheid v. Fanny Farmer Candy Shops, Inc.</u>, 859 F.2d 434, 436 (6th Cir. 1988)) ("A complaint must contain allegations respecting all the elements to sustain a recovery under some viable legal theory.").

## III. Conclusion

For these reasons, Plaintiff has stated First Amendment and RLUIPA claims against Defendants Hillis and Myers in their individual capacities, and against Defendant Page in his official capacity. These claims will be referred to the Magistrate Judge for further proceedings consistent with the accompanying Order. The remaining claims and Defendants will be dismissed, although this dismissal is without prejudice to Plaintiff's ability to file an Amended Complaint regarding his claim for deliberate indifference to serious psychological needs.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE